IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Horace Dwayne Allen, | ) | |
| | ) | C/A No. 2:19-2042-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Toya Shantel Del Valle, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Horace Dwayne Allen, proceeding pro se, filed a complaint on July 22, 2019 with respect to child support enforcement proceedings brought by his ex-wife in Minnesota, North Carolina, and South Carolina. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling.

The Magistrate Judge reviewed the allegations of the complaint and determined that the complaint is frivolous. On September 17, 2019, the Magistrate Judge issued a proper form order setting forth the reasons underlying her determination and granting Plaintiff until October 8, 2019, to file an amended complaint to allow him to cure the deficiencies of the complaint. Plaintiff filed no response to the Magistrate Judge's proper form order. Accordingly, on October 25, 2019, the Magistrate Judge issued a Report and Recommendation in which she explained that most of the defendants are either immune from suit or lack the capacity to be sued.[1] The Magistrate Judge also

---

[1] The Magistrate Judge noted that defendants who are child-support prosecutors are entitled to prosecutorial immunity; the South Carolina state government defendants are immune from suit under the Eleventh Amendment; no valid claim was asserted against Defendants Charleston County, South Carolina; Union County, North Carolina; or Scott County, Minnesota; the North Carolina and Minnesota government defendants are either immune under the Eleventh Amendment or lack capacity to be sued; and no legally actionable allegations were made against Plaintiff's ex-wife. The

found that Plaintiff had not stated legally valid theories against the defendants who are amenable to suit, and that Plaintiff made untenable demands for relief. Thus, the Magistrate Judge recommended that the complaint be summarily dismissed with prejudice and without issuance or service of process. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. The action is summarily dismissed with

---

Magistrate Judge further observed that the court lacks jurisdiction over any state law claims because the parties are not diverse, see 28 U.S.C. § 1332(b), and because the court cannot exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) when the federal claims are subject to summary dismissal. Finally, the Magistrate Judge determined that Plaintiff failed to provide any basis for the relief he seeks.

prejudice and without issuance or service of process as frivolous.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina

December 9, 2019